# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRYANT WESLEY KEEBLE,

:

    Petitioner,                           Case No. 3:05-cv-167

                                :                  District Judge Walter Herbert Rice
    -vs-                                          Chief Magistrate Judge Michael R. Merz

UNITED STATES OF AMERICA,

                                :

    Respondent.

## REPORT AND RECOMMENDATIONS

       This case is before the Court for initial review upon filing. As with all habeas corpus cases in this District, it has been referred to a magistrate judge for initial consideration.

       Petitioner was convicted in this Court of armed bank robbery in Case No. 3:00-cr-089 and was sentenced on January 19, 2001, to seventy-eight months confinement upon his plea of guilty to a two-count Information. He took no appeal, nor has he previously made any other challenge to the conviction.

       Petitioner claims this Court has jurisdiction under 28 U.S.C. §§1331 and 2254. The prior statute is of course the general federal question jurisdiction statute. That statute does not confer habeas corpus jurisdiction on federal courts. Instead, such jurisdiction is conferred by 28 U.S.C. §2241. 28 U.S.C. §2254 applies only to persons in custody pursuant to a judgment of a State court, not to persons in federal custody.

       Ordinarily a federal prisoner must bring a collateral attack on his conviction or sentence by filing a motion to vacate under 28 U.S.C. §2255. Petitioner here could not bring a motion to vacate under §2255 because that statute has a one-year statute of limitations which has long since expired

1

in Petitioner's case. In any event, a habeas action may be brought under 28 U.S.C. §2241 by a federal prisoner who cannot file a motion under §2255 only if he can show actual innocence. Procedural bars like the statute of limitations or the successive motion bar do not make the §2255 remedy ineffective or inadequate so as to come within the "savings clause" of §2255. *Bannerman v. Snyder*, 325 F. 3d 722, 724 (6th Cir. 2003); *Martin v. Perez,* 319 F. 3d 799, 804 (6th Cir. 2003);*United States v. Peterman*, 249 F. 3d 458 (6th Cir. 2001); *Charles v. Chandler*, 180 F. 3d 753 (6th Cir. 1999)(per curiam).

In any event, the Petition does not state a claim upon which relief can be granted. Petitioner claims his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 2355, 147 L.Ed.2d 435 (2000), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005). However, *Apprendi* does not apply retroactively to cases such as this as it is not a watershed rule of criminal procedure. *Goode v. United States*, 305 F. 3d 378 (6th Cir. 2002). Nor does Booker apply retroactively to cases which are final on direct review. *Humphress v. United States*, 398 F. 3d 855 (6th Cir. 2005).

Petitioner is barred from habeas relief regardless of the statute under which he seeks it. His Petition should therefore be dismissed with prejudice. Reasonable jurists would not disagree with this conclusion. Therefore Petitioner should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

May 13, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Keeble Habeas 01.wpd